FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERICA DAVIS, as Personal Representative of the Estate of Andrew Davis, deceased, and the minor child JC, and minor child SD; MICHAEL M. MASCHMEYER, as Personal Representative of the Estate of R. Wayne Estopinal, decease; and JAMES JOHNSON and BRADLEY HERMAN, individually and as Independent Co-administrators of the Estate of Sandra Johnson, deceased;<br><br>        Plaintiffs,<br><br>   v.<br><br>TAMARACK AEROSPACE GROUP, INC., and CANFIELD AEROSPACE SOLUTIONS,<br><br>        Defendants. | NO: 2:20-CV-60-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is a Stipulated Motion for Protective Order, ECF No. 61. A district court may issue protective orders regarding discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Before issuing a stipulated protective order, a

PROTECTIVE ORDER ~ 1

district court judge should ensure that the protective order's restrictions do not infringe on the public's general right to inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) (recognizing a long-held First Amendment right of access to court proceedings and documents).

Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order and exhibit. Accordingly, the parties' stipulated protective order, **ECF No. 61**, is **GRANTED**, and the protective order is entered in the form set forth below.

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that if, in the course of this proceeding, any party or nonparty has the occasion to disclose information deemed in good faith to constitute confidential material, as defined below, the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the parties or nonparties hereto.

**1.    SCOPE**

    1.1.1.    This Protective Order shall govern the designation, disclosure, dissemination, and use of Confidential Material (as defined below) provided by any

PROTECTIVE ORDER ~ 2

parties or nonparties to meet disclosure obligations in the above-captioned proceeding (the "Action").

1.1.2. As used herein, the term "Confidential Material" shall mean information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), including trade secrets or confidential research, development, or commercial information. Confidential Material may include, without limitation, programming records, designs, processes, test data and reports, engineering documents, drawings, schematics, financial statements, accounting records, e-mails, and other confidential business records. Confidential Material may also include Plaintiffs' decedent's medical and health care records, prescription and non prescription medicinal records, coroner records, estate records, employment records, pilot records, income tax records, worker's compensation records or other private personal information, including personal and company emails, personal computer, cell phone, text and social media records, and credit or debit card records.

**2. DESIGNATION**

2.1.1. In accordance with this Protective Order, any party or subpoenaed nonparty may designate any Confidential Material as "CONFIDENTIAL" in this Action if it believes in good faith that the material constitutes or embodies information that (a) satisfies the definition of Confidential Material in the foregoing Paragraph 2, (b) is not generally known, and (c) the designating

PROTECTIVE ORDER ~ 3

party would not normally reveal to third parties or would cause third parties to maintain in confidence.

    2.1.2.    Any party or nonparty may designate documents or other tangible things as CONFIDENTIAL in this Action by placing the following legend or a similar legend on the document or thing, and each page thereof: CONFIDENTIAL; provided, however, that in the event original documents are produced for inspection, the producing party shall place the appropriate legend on the documents in the copying process. For documents in the form of data, software, or digital material stored electronically or on an electronic storage device, a party may designate a document as CONFIDENTIAL for protection under this Order by placing a "CONFIDENTIAL" legend (i) on the data (*e.g.*, an electronic stamp or notation in the database or load files), or (ii) on the device containing the data.

    2.1.3.    Any party or nonparty may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL in this Action by placing the following legend on the face of any such document: CONFIDENTIAL. In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof having been designated as CONFIDENTIAL.

    2.1.4.    Any party or nonparty may designate depositions and other testimony (including exhibits) as CONFIDENTIAL in this Action by (a) indicating on the record at the time the testimony is given that the entire testimony or portions

thereof shall be designated as CONFIDENTIAL, or (b) by captioned, written notice to the reporter and all counsel of record, given within two weeks after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review (the "holding period"), in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the producing party or deponent.  If no such designation is made at the deposition, or during the holding period, no such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to Paragraph 14 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty), and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in Paragraphs 14 or 15 below during the holding period.  The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL information:  CONFIDENTIAL.

   2.1.5.   If timely corrected, an inadvertent failure to designate Confidential Material as CONFIDENTIAL does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  If material is appropriately designated as CONFIDENTIAL after the material was initially produced, the receiving party, on timely notification of the designation, must

PROTECTIVE ORDER ~ 5

make reasonable efforts to assure that the Confidential Material is treated in accordance with the provisions of this Order.

2.1.6. A party shall not be obligated to challenge the propriety of any designation of Confidential Material as CONFIDENTIAL at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. Notwithstanding anything in this Protective Order to the contrary, the parties acknowledge and agree that each party reserves the right to argue that any Confidential Material has been improperly designated and should not receive protected status under this Protective Order. Additionally, any party may seek further protection with respect to Confidential Material as that party may consider appropriate.

2.1.7. If a party objects to any designation of information as CONFIDENTIAL, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the designating party may seek appropriate relief from the Court.

**3.    USE**

3.1.1. Confidential Material produced or made available for inspection for which the foregoing designation has been made shall be subject to this Protective Order and shall be received or inspected only by the authorized or designated person(s) authorized to do so in accordance with this Order.

       3.1.2.      Confidential Material designated CONFIDENTIAL shall be used only in connection with this Action, or any directly related proceeding or appeal therefrom, and shall not be used for any other purpose including, but not limited to, competitive business purposes in the market place or in any other litigation. No recipient of Confidential Material shall, without express Order of the Court, use the Confidential Material in any business purpose, including but not limited to, research and development of any new product or alteration or improvement of an existing product. This limitation shall not prevent a producing party from using its own Confidential Material for its own business purposes, including but not limited to, research and development of any new product or improvement of any existing product.

       3.1.3.      All material designated CONFIDENTIAL shall be held in strict confidence and shall be protected from disclosure as specified herein, unless a party obtains an order of the Court declaring that all or certain portions of the allegedly Confidential Material are not, in fact, protected. The substance or contents of any material designated CONFIDENTIAL, as well as any notes, abstracts, copies, summaries, and memorandum relating thereto, shall not be disclosed to or accessible by anyone other than a person qualified and/or authorized to obtain Confidential Material designated CONFIDENTIAL pursuant to this Protective Order.

       3.1.4.      Nothing in this Protective Order shall preclude a producing party from using or disseminating its own CONFIDENTIAL material.

PROTECTIVE ORDER ~ 7

## 4. DISCLOSURE

4.1.1.    Confidential Material designated CONFIDENTIAL may be disclosed only to:

Persons subject to the following limitation: each party is limited to allowing the information to be reviewed, examined, and/or read by certain designated individuals, whose identity need not be disclosed to every other party until the conclusion of this Action, which designated individual must read this Protective Order, agree to be bound by it, and execute an Party's Qualified Individuals' Acknowledgement of Protective Order in the form shown on Exhibit "A" to this Protective Order, to be held by the counsel of record who provided the Protective Order and Exhibit A to him or her.  At the conclusion of this Action, when Confidential Material is being returned or destroyed, all counsel of record may receive on request copies of those Exhibit As executed by those disclosed experts who reviewed the Confidential Material produced by other parties.

Any attorney representing a party or subpoenaed nonparty participating in this Action, and any person assisting such attorney employed by the same law firm or organization as the attorney, and for whom access to Confidential Material is necessary to perform a duty with respect to this Action.  Any such persons must read this Protective Order and agree to be bound by it.  The executed Stipulation for this Protective Order by any member of a law firm or organization shall constitute a

PROTECTIVE ORDER ~ 8

representation that all persons in or employed by that firm or organization shall agree to be bound by and observe this Protective Order.

Any expert or consultant qualified to have access to Confidential Material as provided in Paragraph 4.1.2 of this Protective Order.

Any personnel of the Court or other government employees for whom access to Confidential Material is necessary to perform a duty relating to this Action, and any court reporters retained to record and transcribe testimony in this Action.

Personnel of photocopy firms and/or graphics firms who have read and agree to be bound by the terms of this Protective Order. Only documents requiring duplication will be provided to such individuals.

4.1.2. Any party may designate expert witnesses or non-testifying expert consultants who are not regular employees of such party and who may have access to Confidential Material. An expert or non-testifying expert consultant shall qualify for access to Confidential Material designated as CONFIDENTIAL only as follows:

A. The party seeking to disclose Confidential Material shall first have said expert witness or non-testifying expert consultant complete and execute an Expert's or Consultant's Acknowledgement of Protective Order in the form shown on Exhibit "B" to this Protective Order, to be held by the counsel of record who provided the Protective Order and Exhibit B to him or her. At the conclusion of this Action, when Confidential Material is being returned or destroyed, all counsel of

PROTECTIVE ORDER ~ 9

1 record may make a request to opposing counsel for copies of those Exhibit Bs
2 executed by expert witnesses who reviewed the Confidential Material produced by
3 other parties, and counsel receiving such request shall promptly provide copies of
4 said Exhibit Bs to requesting counsel.  However, as to those non-testifying expert
5 consultants who reviewed Confidential Material produced by other parties, counsel
6 who retained said consultants shall, at the conclusion of this Action, place the
7 original Exhibit Bs executed by those consultants into a sealed envelope identified
8 on its exterior by the Case Caption, Docket Number and the name "Expert
9 Consultant Exhibit B Forms," which envelope shall be filed with the Court under
10 Seal and its cover pleading served on other counsel of record but without the sealed
11 envelope.  Opposing counsel shall not have access to the sealed envelope unless, on
12 motion with notice to counsel who retained the expert consultant, movant
13 demonstrates good cause to the Court to support a reasonable belief that one or
14 more of the expert consultants may have violated the Protective Order by disclosing
15 Confidential Material to unauthorized persons.  The Court shall hold said sealed
16 envelope for a period of time no less than five years from the date filed.

17    B.    When a corporation or other organization is engaged as an expert
18 witness or non-testifying expert consultant by a party or its counsel of record, each
19 natural person within such organization or corporation for whom access to
20 Confidential Material is necessary to perform a duty with respect to this Action shall
21

PROTECTIVE ORDER ~ 10

first complete and sign an acknowledgment form in the form shown as Exhibit B to this Protective Order.

    C. If any expert witness or non-testifying expert consultant engaged by the party seeking to disclose Confidential Material creates any report, document, or other item, whether intangible or tangible, related to this case, and such report or document contains Confidential Material, whether as content, exhibit, or otherwise, said report or document has the same protected status as the Confidential Material contained therein.  For such report, document, or other item to attain protected status, it is not necessary for it to be separately so designated by either party as protected Confidential Material.

  4.1.3. It shall be the duty and responsibility of counsel of record to ensure that documents or things containing Confidential Material subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically qualified and/or authorized to review Confidential Material under this Protective Order.  Counsel of record shall be directly responsible to the Court captioned above for fulfilling this responsibility.

  4.1.4. Should any party, or person qualified to obtain Confidential Material hereunder, or their agents or representatives, receive any request for Confidential Material, whether through formal compulsory process or lawful authority of the Court or otherwise, prior to responding thereto, such person or

counsel shall promptly serve written notice of receipt of same on counsel of record for all parties hereto in order to allow said party or parties to move an appropriate court for a ruling respective to the necessity of compliance therewith.

**5.    SUBMISSION TO THE COURT**

   5.1.1.    In the event a party wishes to use any Confidential Material, or any papers or digital information containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Action, such pleading or document and Confidential Material shall be filed under seal, consistent with the rules and practices of the Court in which said materials are to be filed, until such time as the Court orders otherwise or denies permission to file under seal. The sealed material, information, digital information, or papers shall state on the first page of any bound or stapled document, "FILED UNDER SEAL PURSUANT TO COURT PROTECTIVE ORDER." The restrictions, if any, that will govern the use of Confidential Material at trial or hearings will be determined at a later date by the Court, in consultation with the parties.

   5.1.2.    If, through inadvertence or otherwise, Confidential Material is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other

PROTECTIVE ORDER ~ 12

rights and remedies of any party, and shall make every effort to prevent further disclosure.

## 6. USE IN COURTROOM PROCEEDINGS

6.1.1. Any Confidential Material designated as CONFIDENTIAL or any document or thing incorporating such material that is filed or lodged with the Court shall be so marked on the first page, sealed, and delivered to the Clerk of the Court, and shall not be available for public inspection. The envelope used to seal such information or document shall carry an appropriate notation indicating its status as CONFIDENTIAL and subject to this Protective Order. The Clerk shall maintain such material or document under seal. Any judge or magistrate exercising responsibility in this Action, and his or her legal, administrative, secretarial, or clerical staffs, shall have access to material under seal as necessary in adjudicating or administering this Action.

## 7. RETURN / DESTRUCTION OF MATERIALS

7.1.1. Within thirty (30) days after the termination of this Action, the originals and all copies of Confidential Material designated as CONFIDENTIAL shall be destroyed or returned to the party that produced such information, or to its attorney.

## 8. MISCELLANEOUS

PROTECTIVE ORDER ~ 13

8.1.1.   Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Order.

8.1.2.   Each party reserves the right to request and/or petition the Court for modification of this Protective Order upon a showing of good cause.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 3, 2021.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

PROTECTIVE ORDER ~ 14