FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERICA DAVIS, as Personal Representative of the Estate of Andrew Dale Davis, deceased, and minor children, JC, minor child, SD, minor child,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>TAMARACK AEROSPACE GROUP, INC.,<br><br>　　　　　Defendant. | Case No. 2:20-CV-00060-MKD<br><br>**ORDER DENYING STIPULATED MOTION TO DISMISS WITH PREJUDICE AND MOTION TO ACCEPT STATE COURT APPROVAL OF SETTLEMENT OF ACTION INVOLVING BENEFICIAL INTERESTS OF MINOR CHILDREN IN LIEU OF APPOINTMENT OF GUARDIAN AD LITEM, OR IN THE ALTERNATIVE, ACCEPTANCE OF ERICA DAVIS AS DE FACTO GUARDIAN AD LITEM**<br><br>**ECF Nos. 112, 118** |

Before the Court is the parties' Stipulated Motion to Dismiss, ECF No. 112, and Motion to Accept State Court Approval of Settlement of Action Involving Beneficial Interests of Minor Children in Lieu of Appointment of Guardian Ad

ORDER - 1

1  Litem, or in the Alternative, Acceptance of Erica Davis as de Facto Guardian ad
2  Litem, ECF No. 118.
3       On May 30, 2023, the Court held a hearing to consider whether this case is
4  compliant with LCivR 17(c).  *See* ECF Nos. 113, 116.  Joseph Slama appeared for
5  the Davis Plaintiffs.  Thomas Routh appeared for the Maschmeyer Plaintiffs,
6  plaintiffs in consolidated case No. 2:20-CV-00061-MKD.  David Katzman
7  appeared for the Johnson Plaintiffs, plaintiffs in consolidated case No. 2:20-CV-
8  00062-MKD.  J. Scott Miller appeared for the Louisiana Workers Compensation
9  Corporation, intervenor plaintiff in consolidated case No. 2:20-CV-00062-MKD.
10 Tina Mangarpan appeared on behalf of Old Republic Aerospace, Inc., plaintiff in
11 consolidated case No. 2:20-CV-00421-MKD.  James Anderson appeared as local
12 counsel for all plaintiffs.  Todd Saranecki and John Munding appeared on behalf of
13 Tamarack Aerospace Group, Inc.
14      LCivR 17(c) provides that "[a]t the time of the commencement of any action
15 involving a beneficial interest or claim of a minor . . . the plaintiff shall petition the
16 Court and obtain appointment by the Court of an independent guardian ad litem to
17 represent the interest of the ward."  LCivR 17(c)(3).  The Davis Plaintiffs filed
18 their Complaint on February 13, 2020.  ECF No. 1.  On September 29, 2020, the
19 District Court Clerk issued a Notice Setting Telephonic Scheduling Conference
20 which requires a report be filed that answers "[w]hether the case involves a

ORDER - 2

1 beneficial interest claim of a minor or incompetent that requires appointment of a
2 Guardian ad litem." ECF No. 44 at 2-3.  On October 21, 2020, the parties filed a
3 joint status report that responded "N/A" to the question.  ECF No. 50 at 4.

4     LCivR 17(c)(3) provides that [u]pon a showing of good cause, the Court
5 may dispense with the appointment of a guardian ad litem."  The Davis Plaintiffs
6 argue that good cause is present because Erica Davis has served as guardian of the
7 estates of minor plaintiffs JD and SD, and as personal representative of the estate
8 of Andrew Davis, both appointments made by an Indiana court.  ECF No. 118 at 3
9 ¶ 6; *see* ECF No. 117 at 7-10, 12-13.  Further, an Indiana court has already
10 reviewed, held a hearing on, and approved Erica Davis's petition to accept the
11 settlement, in accordance with Indiana probate code.  ECF No. 118 at 3 ¶ 6; ECF
12 No. 117 at 20-26; Ind. Code § 29-3-9-7.  The Indiana court found that it was in the
13 best interests of the minor plaintiffs to accept the settlement amounts.  ECF No.
14 117 at 23.

15     While the settlement has been reviewed by the guardian of the minor
16 plaintiffs' estates and a court, there is no indication that the settlement, structured
17 payment plan, or trusts for the minor plaintiffs have been reviewed by an
18 independent and disinterested court-appointed fiduciary.  It is within this
19 jurisdiction that counsel for the Davis Plaintiffs seeks to extinguish the claims of
20 two minor plaintiffs for the death of their father.  The Court must satisfy itself that

ORDER - 3

sufficient process has been afforded to ensure their interests are adequately represented.

LCivR 17(c)(4) requires that the attorneys of minor plaintiffs consult with the guardian ad litem prior to proposing or responding to any settlement, and requires that the guardian ad litem investigate any proposed settlement and file a written report prior to presenting the court with any proposed settlement. LCivR 17(c)(4). The local rules anticipate the guardian ad litem be involved in the settlement proceedings, rather than conduct an analysis after one is reached. Although none was present, the concern is somewhat ameliorated by the Indiana court approval of the settlement.

The local rules were further circumvented, here, as "[n]o claims of a ward shall be settled or compromised without the prior approval of the Court." LCivR 17(c)(4). The Court was notified that settlement was reached in January 2023. *See* ECF No. 109. As of February 24, 2023, the parties continued to work towards settlement and the settlement releases were not finalized. ECF No. 108. As of April 25, 2023, settlement funding was not complete. ECF No. 110. The parties failed to file a petition for approval of the settlement pursuant prior to executing releases as anticipated by LCivR 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). It appears from the record that counsel for the minor plaintiffs entered into a settlement agreement without approval of the Court.

ORDER - 4

The Davis Plaintiffs indicated at the hearing that the parties' assumption has been that Erica Davis, appointed as guardian for the minor plaintiffs by an Indiana State Probate Court, is an adequate fiduciary to represent the interests of her children. As explained above and at the hearing, the Court is required to faithfully adhere to the rules and to Ninth Circuit precedent, and must conduct its own inquiry into the settlement. The Davis Plaintiffs present no authority indicating the Court may abdicate its duty due to the approval of another court or the presence of a guardian of the estates of the minor plaintiffs.

The Davis Plaintiffs ask that, in the alternative, that Erica Davis be appointed as guardian ad litem for the minor plaintiffs. ECF No. 118 at 3-4 ¶ 7. There is some precedent for parents being appointed as guardians ad litem of their children. *See, e.g.*, *Pickett v. Liberty Mut. Ins. Co.*, No. 2:20-CV-0426-TOR, 2021 WL 7543701, at *1 (E.D. Wash. Feb. 19, 2021). However, Erica Davis has thus far participated in settlement without serving as guardian ad litem. The Court finds that a neutral and disinterested third party, appointed with the discrete goal to examine the settlement proceedings to date, is appropriate.

The parties have proposed three potential guardians ad litem, and at the hearing, recommended Joseph A. Blumel in particular. The Court will grant the request.

ORDER - 5

The oversight of LCivR 17(c) bears consequences in this action.  The Court will require that the Mr. Blumel's fee be paid by counsel for the Davis Plaintiffs. The Court aims to usher this case towards resolution smoothly and expeditiously.

Accordingly, **IT IS ORDERED:**

1. The parties' Stipulated Motion to Dismiss, **ECF No. 112**, is **DENIED without prejudice** to refiling after the procedures of LCivR 17(c) are complete.

2. The Davis Plaintiffs' Motion to Accept State Court Approval of Settlement of Action Involving Beneficial Interests of Minor Children in Lieu of Appointment of Guardian Ad Litem, or in the Alternative, Acceptance of Erica Davis as de Facto Guardian ad Litem, **ECF No. 118**, is **DENIED**.

3. **Joseph A. Blumel** is appointed guardian ad litem for minor Plaintiffs J.D. and S.D.

4. Counsel for the minor plaintiffs shall provide Joseph A. Blumel with all pertinent information and documents necessary to review the claims of the minor plaintiffs, the settlement agreement, any structured payment plans or trusts, attorney fees including hourly rates and time spent, costs and expenses.

ORDER - 6

5. Counsel and the guardian ad litem shall review LCivR 17(c) and the requirements related to procedures for settlement, fees, and deposit and disbursement of funds.

6. The fee of the guardian ad litem shall be paid by counsel for the Davis Plaintiffs, and shall not be deducted from any settlement funds.

7. Following the Court's receipt of the report of the guardian ad litem, the Davis Plaintiffs shall file a Petition for Approval of Minor Settlement.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED June 1, 2023.

<em>s/Mary K. Dimke</em><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 7